## PROVIDENCE.

### WOONSOCKET MACHINE & PRESS COMPANY *vs.* GEORGE W. MILLER.

Only matters which are inherently doubtful, and where a decision must be arrived at by the exercise of discretion and judgment, can constitute the material for a submission to arbitration.

Hence, where a bill in equity for the specific performance of an agreement to transfer patented improvements and inventions, does not show that any disagreement or controversy exists between the parties, but simply that the respondent refuses to carry out his agreement to make the transfers, the fact that the agreement set up in the bill contains a clause providing for arbitration in case of a disagreement, does not render the bill demurrable.

BILL IN EQUITY for the specific performance of a contract to transfer certain improvements and inventions and letters patent therefor of the United States. On demurrer.

*July* 21, 1894. PER CURIAM. We think the bill states a case which entitles the complainant to relief. Under the agreement in writing upon which the bill rests, the respondent stipulated that whatever improvement or inventions he should make relating in any way to any machine, tool, or other mechanism manufactured by the complainant corporation, should be by him properly transferred to and become the property of said corporation. The bill shows that the respondent has made several such improvements and inventions and obtained letters patent of the United States therefor, but that he declines and refuses to transfer the same to the corporation as agreed. In support of his demurrer the

respondent relies upon a clause in said agreement which provides that in case the parties disagree on any matter therein set forth, then and in each and every such case the whole matter whereon the parties disagree shall be referred to arbitration in the usual manner, and that the award of the arbitrators shall be binding upon the parties and shall be strictly carried out by them.

But the bill does not show that any disagreement or controversy exists between the said parties in the premises, and hence there is nothing to arbitrate. It simply shows that the respondent has refused to carry out his agreement in regard to said transfer, and prays that specific performance thereof be decreed. The case is not, therefore, one in which something remains to be done as a condition precedent to the right to maintain a suit on the contract, but one where the respondent is clearly and confessedly in default. It is only matters that are inherently doubtful, and where a decision must be arrived at by the exercise of discretion and judgment, which can constitute the material for a submission to arbitration. Morse on Arbitration and Award, 36.

Whether or not the very broad arbitration clause[1] in the agreement involved in this suit could be held to oust the court of its jurisdiction until after an award should be made, in case there was any dispute in the premises, we are not now called upon to decide.

The demurrer is overruled.

*Edwin Aldrich,* for complainant.

*Charles A. Wilson & Thomas A. Jenckes,* for respondent.

---

[1] As follows:

"It is further agreed that in case the parties hereto shall disagree on any matters hereinbefore set forth, then and in each and every such case the whole matter whereon the parties disagree shall be referred to three persons, one of whom shall be chosen by the party of the first part, one by the parties of the second part, and the third by the two persons chosen by the parties hereto, and the determination of the majority of the persons so chosen shall be binding upon and shall be strictly carried out by all parties in each and every such case."